UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL SALOMON LEYVA,

     Petitioner,

    v.                        Case No.:  2:26-cv-01489-SPC-NPM

D.H.S. *et al.*,

     Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Manuel Salomon Leyva's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Salomon Leyva is a native of Cuba who entered the United States in 1980.  He has an extensive criminal history, including convictions for burglary (five separate counts), criminal mischief, grand theft, and battery on a law enforcement officer.  An immigration judge ordered Salomon Leyva removed on January 8, 2002.  Immigration and Customs Enforcement ("ICE") released Salomon Leyva under an order of supervision on June 25, 2013.

On March 12, 2026, local law enforcement arrested Salomon Leyva for trespassing. On March 18, 2026, ICE revoked his release under 8 C.F.R. § 241.13(i) because the arrest violated the terms of his order of supervision.  He has been in ICE detention since then.  Salomon Leyva argues his detention

violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal is not likely in the foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Salomon Leyva's current detention is lawful.  8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Salomon Leyva does not dispute that his arrest for trespass violated a condition of release.  Thus, he "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8 C.F.R. § 241.13(i)(1).  After that six-month period, Salomon Leyva may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

At bottom, Salomon Leyva does not claim ICE failed to afford the process due under § 241.13(i)(1), and *Zadvydas* does not prohibit ICE from re-detaining a noncitizen who violated conditions of an order of supervision.  *See Zadvydas*, 533 U.S. at 695 ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Manuel Salomon Leyva's Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 8, 2026.

SA: FTMP-1
Copies:  All Parties of Record

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE